# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

BRYANT ANTHONY BASHAM                                       PLAINTIFF

v.                                     CIVIL ACTION NO. 4:17-CV-P156-JHM

ROBBY BURNS *et al.*                                          DEFENDANTS

## MEMORANDUM OPINION

This is a *pro se* civil rights action brought pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

## I. SUMMARY OF COMPLAINT

Plaintiff Bryant Anthony Basham is incarcerated at Daviess County Detention Center (DCDC). He names Robby Burns, a DCDC shift supervisor, and Shawn Wethington, a DCDC corrections officer, as Defendants in their individual capacities.

In his complaint, Plaintiff makes the following allegations:

On 10-29-2017 at approximately 5:40 a.m. I county inmate Bryant Anthony Basham was placed in cell B-190 with state inmate [] inside hole by [Defendant] Wethington a correction officer who was asked to do so by shift supervisor Robby Burns as soon as Mr. Worthington left the cell state inmate [] found out I come from a protective custody cell and was offer $20 dollars to beat me up.

State inmate [] started punching me in the face and back of head and I put my hand over my head to protect my temples and I felt a hard object slam into my left hand, x-ray results showed fracture to my 4th metacarpal, swelling to soft tissue associated to fracture, I also suffered bloody nose and redness to head and face and bruising to left hand as well.

Soft cast was put on left hand, I had to go outside to hospital for x-rays and cast . . . . It is a violation to house county inmates with state inmates in a two man cell. Due to me being a county inmate who received physical injuries from a state inmate I'm filing this lawsuit.

As relief, Plaintiff seeks damages and injunctive relief.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21

(1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Eighth Amendment imposes a duty on corrections officers to take reasonable measures "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. Rather, to maintain an Eighth Amendment claim based on a failure to prevent harm, an inmate must allege both an objective and subjective

component. *Id*. With regard to the objective component, the plaintiff "must show that he [was] incarcerated under conditions posing a substantial risk of serious harm." *Id*. The subjective component requires the plaintiff to allege that the defendant acted with "deliberate indifference" to that risk. *Id*. "Deliberate indifference is a state of mind akin to criminal recklessness: the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hamilton v. Eleby*, 341 F. App'x 168, 171 (6th Cir. 2009) (internal quotation marks and citations omitted).

> Indeed, as the Court of Appeals for the Seventh Circuit explained:
>
> In failure to protect cases, a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety. Mere negligence (for example if a prison guard should know of a risk but does not) is not enough to state a claim of deliberate indifference under the Eighth Amendment. It is also not sufficient to show that the prison guard merely failed to act reasonably.

*Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (internal quotation marks and citations omitted).

With regard to establishing the first component - substantial risk of serious harm - an inmate must allege that he was incarcerated under conditions posing a substantial risk of serious harm. *Hester v. Morgan*, 52 F. App'x 220, 222 (6th Cir. 2002). To do so, he must allege that "there was a substantial risk of serious harm to inmates generally, or to himself specifically." *Id*. at 223. Here, Plaintiff claims that he was attacked because he, a "county inmate," was wrongfully housed with a "state inmate." However, Plaintiff makes no allegation that there was any warning or threat of violence against him by state inmates or that he or other county inmates had been the subject of assaults by state inmates in the past. Thus, because Plaintiff has failed to allege that a substantial risk of harm existed, he fails to state a claim upon which relief may be granted. *See, e.g.*, *Fanning v. Voyles*, No. 2:13-cv-02011-WMA-HGD, 2014 U.S. Dist. LEXIS 164376, at *11 (N.D. Ala. Oct. 9, 2014) (finding no substantial risk of harm to plaintiff existed

where assaulting inmate had spat on and kicked another inmate several days prior to his attack on the plaintiff); *cf. Sousa v. Anglin*, 481 F. App'x 265, 267 (7th Cir. 2012) (finding that plaintiff had alleged that he was incarcerated under conditions posing a substantial risk of harm where his cellmate weighed 260 pounds, was known as a "barn boss," and had a history of attacks on at least five prior cellmates); *Greene v. Bowles*, 361 F.3d 290, 294-95 (6th Cir. 2004) (concluding that the plaintiff had satisfied the first element of a failure-to-protect claim by alleging that, as a transgendered inmate, she was vulnerable to assaults by other inmates and that the assaulting inmate had "a long institutional history of being a disruptive, violent inmate" and was "a maximum-security inmate").

In addition, even if Plaintiff could demonstrate that he was incarcerated under conditions imposing a substantial risk of harm, he has failed to allege any facts which demonstrate that either Defendant knew of and disregarded that risk. Courts have generally held that unexpected incidents are insufficient to establish a claim for deliberate indifference. *See, e.g.*, *Parris v. N.Y. State Dep't Corr. Servs.*, 947 F. Supp. 2d 354, 363 (S.D.N.Y. 2013) ("Courts routinely deny deliberate indifference claims based on surprise attacks.") (citation omitted). Plaintiff does not allege that he complained to any prison official about any threat to his safety. Indeed, nothing in the complaint demonstrates that the assault was anything but an unexpected incident or gives any other indication that Defendants knew of and disregarded a risk of harm to Plaintiff.

Finally, to the extent that Plaintiff asserts that his rights were violated simply because state and county inmates are housed together at DCDC, Plaintiff also fails to state cognizable claim under § 1983. While state law may dictate the duration and circumstances under which a convicted inmate can be held in a county facility, an inmate does not enjoy a constitutional right to be housed in any particular facility or a particular part of the facility. *See Harbin-Bey v.*

*Rutter*, 420 F.3d 571, 576 (6th Cir. 2005) (holding that a prisoner does not have a constitutional right to be placed in a specific security classification); *Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (per curiam) (rejecting claim that being held in a county facility was more disagreeable than if plaintiff had immediately been transferred to a state facility).

## IV. CONCLUSION

For the foregoing reasons, the Court will enter a separate Order dismissing this action for failure to state a claim upon which relief may be granted.

Date: October 3, 2018

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Daviess County Attorney
4414.011